NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-749

COMMONWEALTH

vs.

C.J.W.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner appeals from orders of a District Court judge denying two requests for expungement of the records of his criminal case, which was dismissed at the request of the Commonwealth. Because the petitioner failed to demonstrate entitlement to expungement, we affirm.

A criminal complaint against the petitioner issued in May 2017 charging assault and battery on a family or household member, in violation of G. L. c. 265, § 13M (a), and intimidation of a witness, in violation of G. L. c. 268, § 13B. According to the police report, an officer driving by on patrol saw the petitioner and the victim engaged in "an intense conversation," with the petitioner holding the victim's arm.

The officer returned and saw the victim on the ground and the petitioner yelling at her. When the petitioner saw the police car, he ran off, followed by the victim, who was yelling for help and that the petitioner had taken her cell phone. When the officer, with the assistance of other officers, stopped the victim and the petitioner, the victim was bleeding around the mouth and had swelling around her eye. She stated that the petitioner was her ex-boyfriend, and that after an evening "out at the bars," they began arguing. When the petitioner refused to take her home, she called the petitioner's mother, which further angered him. He took her phone and refused to return it. When she tried to get it back from him, he shoved her to the ground, causing her injuries. The officer determined that the petitioner was the aggressor and arrested him. The victim's phone was in his back pocket.

The petitioner was arraigned and released on personal recognizance. The judge made a finding on the record that "abuse is alleged in connection with the charged offense." See G. L. c. 276, § 56A. About one and one-half months later, the Commonwealth dismissed the charges because of the victim's failure to cooperate.

Almost six years later, the petitioner filed for expungement under G. L. c. 276, § 100K (§ 100K), based on "[e]rrors by law enforcement." In his petition he "confess[ed]

2

to arguing with [his] girlfriend in a public place" and that they "both drank an amount of alcohol that impaired [their] judgement," but stated that she, not he, was the aggressor.  A judge (motion judge) denied the petition without a hearing on November 29, 2022, finding that the petitioner did not meet the requirements of § 100K.  The petitioner filed a second petition based on "[e]rrors by civilian or expert witness(es)" and asked for an opportunity to be heard, which the motion judge granted, and after the hearing the motion judge denied the second petition on January 30, 2023.  The motion judge stated he could "make no finding as to law enforcement or civilian misconduct at anytime in the proceeding."

As relevant here, to be entitled to "reason-based" expungement under § 100K the petitioner must show by "clear and convincing evidence that the record was created as the result of . . . (3) demonstrable errors by law enforcement [or] (4) demonstrable errors by civilian or expert witnesses."  G. L. c. 276, § 100K (a).[1]  See Commonwealth v. K.W., 490 Mass. 619, 621-622 (2022).  We review the motion judge's denials of the petitions for abuse of discretion.  See id. at 624.

---

[1] Because we find no abuse of discretion in the motion judge's determination that the record was not created in error, we need not consider any claim that expungement would be "in the best interests of justice" under § 100K (b).  See Matter of Expungement, 489 Mass. 67, 68 (2022).

We agree with the motion judge that the record lacks any evidence, let alone clear and convincing evidence, that the charges against the petitioner were issued as the result of error by the police, the victim, or anyone else. The narrative in the police report provided probable cause to believe that the petitioner committed an assault and battery on a family or household member. The victim stated that the petitioner, her ex-boyfriend, pushed her to the ground, and the officer witnessed that she was bleeding and bruised. The petitioner himself admitted that the victim was his "girlfriend," which made her a "family or household member" under the statute. See G. L. c. 265, § 13M (c) ("For the purposes of this section, 'family or household member' shall mean persons who . . . are or have been in a substantive dating or engagement relationship"). The petitioner's act of taking the victim's phone, "which was her only available resource to call for help" according to the police report, provided probable cause to infer that the defendant acted "with the intent to impede, obstruct, delay, harm, punish or otherwise interfere" with a criminal proceeding or investigation. G. L. c. 268, § 13B (1) (v), as amended by St. 2010, c. 256, § 120.[2] See, e.g., Commonwealth v. Fragata, 480 Mass. 121, 128 n.7 (2018).

_____

[2] The statute was rewritten by St. 2018, c. 69, § 15.

4

The fact that the victim later refused to cooperate with the prosecution is not evidence that her allegations were false. See Matter of Grella, 438 Mass. 47, 53 & n.11 (2002). Spelling and grammatical errors in the police report, and mistaking the gender of the petitioner's child, are not the kind of "profound errors or fraud" that § 100K was enacted to protect against. K.W., 490 Mass. at 626. Indeed, where, as here, a judge made a finding that abuse was alleged, the finding is to be "maintained within the statewide domestic violence record keeping system" and is not to be removed based on dismissal of the charges. G. L. c. 276, § 56A. "Thus, this is not a case where there is 'little or no valid law enforcement purpose . . . served by the maintenance and dissemination of . . . records.'" Vaccaro v.

5

Vaccaro, 425 Mass. 153, 158 (1997), quoting Police Comm'r of Boston v. Municipal Court of the Dorchester Dist., 374 Mass. 640, 642 (1978).

> Orders denying petitions for
> expungement affirmed.
>
> By the Court (Massing,
> Singh & Grant, JJ.[3]),

Assistant Clerk

Entered:  May 23, 2024.

---

[3] The panelists are listed in order of seniority.